The trial court found "in the facts presented to this court, the officer lacked the reasonable suspicion that criminal activity was present after she only observed several cars parked." (Emphasis added). The majority opinion would lead one to believe appellant's truck was the only vehicle parked after midnight in the dimly lighted parking lot behind Pedro's.
The officer obviously became suspicious that something was up after talking with the tipster. The officer's concern was intensified believing the waitress was "scared" of the vehicle. The waitress testified she was always scared when leaving work. The record fails to establish that the waitress was frightened by appellant's vehicle being parked in an area near a business when it was closed.
As this court regularly does, I would support the trial court's factual findings and affirm the trial court.
In State v. Johnston (1993), 85 Ohio App.3d 475, 477, a case cited by the majority, it states:
 In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witnesses' credibility.
What facts must we accept to determine whether the officer had objective facts to base a reasonable suspicion to justify an intrusion upon appellant? The officer was not advised of any criminal activity afoot, nevertheless was suspicious, went to investigate, found a legally parked truck along with other vehicles, and decided she had enough suspicious circumstances to investigate further or, as stated in appellant's brief, "to check out the matter." She approached the vehicle and determined the motor was running and the radio was on. Nothing suggests criminal activity. The evidence presented to the court was properly interpreted by the trial court and supports the granting of appellant's motion to suppress.
Recognizing the weakness of its position, the state endeavors to argue that the contact was consensual. The state offers State v. Smith (Oct. 16, 1995), Madison App. No. CA95-03-009, unreported, for the proposition that a consensual encounter took place. Such an argument cannot support the reversal of the trial court. There is absolutely no basis to believe the officer's approach to appellant's vehicle was a matter of the occupant's safety or a need for assistance.
Appellant, as he sat in his pick-up truck, did not give the officer any basis for the investigative detention which took place. The officer ordered appellant to turn off his motor and exit the vehicle. The officer's approach was not predicated upon reasonable suspicion.
For the foregoing reasons, I must respectfully dissent.